UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANFRED NEU,<br><br>  Plaintiff,<br><br>  vs.<br><br>GENPACT SERVICES, LLC,<br><br>  Defendant. | CASE NO.11-CV-2246 W (KSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SUMMARY-JUDGMENT MOTION [DOC. 20]** |

Pending before the Court is Defendant Genpact Services, LLC's ("Genpact") summary-judgment motion ("MSJ"). (*MSJ* [Doc. 20]; *see also Reply* [Doc. 24].) On November 7, 2012 Plaintiff Manfred Neu ("Neu") filed an opposition ("Opposition"). (*Opp'n* [Doc. 22].) The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Genpact's summary-judgment motion.

//

//

I.  **FACTUAL BACKGROUND**

This suit stems from Genpact's placement of 150 telephone calls to Neu within a 51 day period in an attempt to collect a debt. The key facts are not in dispute.

Genpact is a debt collector as defined by the Fair Debt Collections Practices Act ("FDCPA") and California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). (*MSJ*, 7.) Neu owed a debt to GE Money Bank for the balance of his Lowe's credit card. (*Compl.* [Doc. 1.], ¶ 12.) Genpact attempted to collect the debt on GE Money Bank's behalf. (*Declaration of Prasad Veerapaneni* [Doc. 20-2], ¶2.) Genpact wrote to Neu on June 22, 2011 in order to settle the debt. (*Opp'n Ex. B* [Doc. 22-2].) Genpact alleges Neu did not respond to the letter. (*MSJ*, 7.)

Following its unsuccessful attempt to reach Neu via mail, Genpact tried to reach Neu via telephone. (*Decl. Veerapaneni*, ¶ 4.) Genpact had two phone numbers for Neu, a home number and a cell number. (*Id.*, ¶¶ 4–5.) Between July 21, 2011 and September 9, 2011, Genpact called the two numbers 150 times. (*Decl. Veerapaneni*, ¶ 5.) Genpact's records show that it called Neu's home phone number 79 times and Neu's cell number 71 times. (*MSJ*, 8.) On one occasion, Genpact called Neu 6 times in one day. (*Opp'n Ex. C* [Doc. 22-3], 7.) Genpact alleges it left Neu no voice messages to avoid the possibility of third parties overhearing the messages. (*Decl. Veerapaneni*, ¶ 5.)

On September 27, 2011, Neu initiated this action alleging (1) violation of the FDCPA, 15 U.S. C. §§ 1692d, 1692d(5), and (2) violation of the Rosenthal Act, Cal. Civ. Code §§ 1788.11(d), 1788.11(e), and 1788.17. (*Compl.*, 3-4.) Neu premises Genpact's liability exclusively on the number of phone calls Genpact made to Neu. (*Opp'n*, 4-5.) On October 4, 2012, Genpact filed this summary-judgment motion. (*MSJ*, *see also Reply* [Doc. 24.].) Neu opposes. (*Opp'n*.)

//

//

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

If the moving party meets this initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as

1  to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475
2  U.S. 574, 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th
3  Cir. 1995) (citing Anderson, 477 U.S. at 252) ("The mere existence of a scintilla of
4  evidence in support of the nonmoving party's position is not sufficient."). Rather, the
5  nonmoving party must "go beyond the pleadings and by her own affidavits, or by 'the
6  depositions, answers to interrogatories, and admissions on file,' designate 'specific facts
7  showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.
8  R. Civ. P. 56(e)).

9        When making this determination, the court must view all inferences drawn from
10 the underlying facts in the light most favorable to the nonmoving party. See
11 Matsushita, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and
12 the drawing of legitimate inferences from the facts are jury functions, not those of a
13 judge, [when] he [or she] is ruling on a motion for summary judgment." Anderson, 477
14 U.S. at 255.

15       Rule 56(d) provides for partial summary judgment. See Fed. R. Civ. P. 56(d)
16 ("[T]he court . . . shall if practicable ascertain what material facts exist without
17 substantial controversy and what material facts are actually and in good faith
18 controverted."). Under Rule 56(d), the court may grant summary judgment on less
19 than the non-moving party's whole claim. Zapata Hermanos Sucesores, S.A. v.
20 Hearthside Baking Co., Inc., 313 F.3d 385, 391 (7th Cir. 2002) (Posner, J.). Partial
21 summary judgment is a mechanism through which the Court deems certain issues
22 established before trial. Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981)
23 (quoting 6 Moore's Federal Practice ¶ 56.20 (3.-2) (2d ed. 1976)). "The procedure was
24 intended to avoid a useless trial of facts and issues over which there was really never any
25 controversy and which would tend to confuse and complicate a lawsuit." Id.
26 //
27 //
28 //

## III. DISCUSSION

### A. FDCPA Claims

#### 1. Preliminary Considerations

Neu's first cause of action alleges Genpact violated both FDCPA §§ 1692d and 1692d(5). Section 1962d reads in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> **(5)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d.

There is no dispute that the only evidence in support of Neu's § 1692d claim is the number of telephone calls made to him. (*Opp'n*, 4–5.) In light of these facts, the parties dispute whether Neu may assert a claim for violation of § 1692d in addition to a claim for violation of § 1692d(5).

Neu argues that he can simultaneously assert a § 1692d claim and a separate 1692d(5) claim. (*Opp'n*, 4-5.) This distinction is important, as Neu points out, because while § 1692d(5) has an "intent" requirement, § 1692(d) has no such requirement. (*Id.*) According to Neu, Genpact's MSJ improperly conflates Neu's § 1692d claim "with § 1692d(5)[,] ignoring the fact that a collector can violate § 1692d without violating § 1692d5." (*Id.*)

Genpact argues that § 1692d(5) controls in this case because Neu's claim is based solely on the number of Genpact's phone calls. (*Reply*, 4.) According to Genpact, "§§ 1692d and 1692d(5) should not be viewed as separate bases for claims for harassment, but rather as a single statutory basis for a claim of harassment which

provides specific guidelines in certain circumstances as to what constitutes harassment." (*Id.*, 5–6.)  The Court agrees with Genpact.

A plaintiff "*may ordinarily* pursue claims under both §1692d and §1692d(5)." Stirling v. Genpact Services, LLC, No. 2:11-CV-06369, 2012 WL 952310 at *3 (C.D. Cal. Mar. 19, 2012) (emphasis added); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1177 (9th Cir. 2006) ("[O]ne action can give rise to multiple violations of the Act."). However, this case fits entirely within § 1692d(5)'s specific prohibition against telephone calls made "with intent to annoy, abuse, or harass" because the entire case is premised on Genpact's phone calls. 15 U.S.C. § 1692d(5). If Neu could pursue both a § 1692d and a § 1692d(5) claim on the same facts, the result would "effectively eviscerate the requisite intent contemplated in situations governed by § 1692d(5) . . . [and] would also render that entire subsection superfluous." Stirling, 2012 WL 952310 at *3. Neu "cannot obviate § 1692d(5)'s intent requirement by electing to pursue a § 1692d claim, where the only conduct relied on fits squarely within § 1692d(5)." Stirling, 2012 WL 952310 at *3. Accordingly, the Court finds that § 1692d(5), the more specific FDCPA provision, governs this case. See Id.; see also Hendricks v. CBE Grp., Inc., 891 F. Supp. 2d 892, 896 n. 2 (N.D. Ill. 2012) (refusing to analyze claim under both § 1692d and § 1692d(5) when alleged misconduct consisted solely of telephone calls).

### 2. § 1692d(5) Claim

Genpact argues that it is entitled to summary judgment because the amount of phone calls Genpact made to Neu reflects Genpact's difficulty in reaching Neu, not an intent to harass him. (*MSJ*, 20-26.) Neu counters that 150 phone calls in 51 days raises a triable issue of fact as to Genpact's intent. (*Opp'n*, 7-14.) The Court agrees with Neu.

Section 1692d(5) prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent

to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Intent may be inferred from the "nature, pattern, and frequency of debt collection calls." Stirling, 2012 WL 952310 at *4 (holding that harassment could be inferred from a debt collector calling a debtor five to six times a day for almost four months); see also Joseph v. J.J. Mac Intyre Companies, L.L.C., 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002) ("Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls."). However, no bright-line rule exists for the amount and pattern of calls necessary to raise a triable issue of harassment, and courts disagree on the issue. Krapf v. Nationwide Credit Inc., No. 09-00711, 2010 WL 2025323 at *3–4 (C.D. Cal. May 21, 2010) (collecting cases and illustrating the disagreement across districts); see Arteaga v. Asset Acceptance, LLC, 733 F.Supp. 2d 1218, 1227 (2010) (holding that eighteen calls over a four-month period does not constitute harassment); Young v. Asset Acceptance, LLC, No. 09–CV–2477, 2011 WL 1766058 (N.D. Tex. May 10, 2011) (holding triable issue of fact when collection agency called debtor thirty-three times in seventy-three day window, including calls before 8 a.m. and after 9 p.m.).

In situations with similar call volume and pattern, several courts found triable issues of intent to harass. For example, in Bassett v. I.C. System, Inc., a debt collector called a debtor thirty-one times in a twelve-day period—approximately two to three times per day. Bassett v. I.C. Sys., Inc., 715 F. Supp. 2d 803, 810 (N.D. Ill. 2010). The court held that this situation presented a genuine issue of material fact as to whether the debt collector had violated § 1692d(5) and denied the debt collector's summary-judgment motion on the issue. Id. In another case, a debt collector called plaintiff twenty-six to twenty-eight times in just over one month. Akalwadi v. Risk Mgmt. Alt's, Inc., 336 F. Supp. 2d 492, 506 (D. Md. 2004). The court found a triable issue of fact regarding plaintiff's § 1692d(5) claim because the debt collector called on a daily basis and called the plaintiff three times within five hours on one day. Id.

Genpact cites a number of out-of-district cases in support of its MSJ. (*MSJ*,

22–26.) While the number of calls here far exceeds the number of calls in most of Genpact's support, one case is factually similar. In <u>Carman v. CBE Group, Inc.</u>, the court granted summary judgment against the debtor, holding that the debt collector's actions–calling the plaintiff on two phone numbers 149 times in 55 days–evidenced intent to establish contact, not intent to harass. 782 F. Supp. 2d 1223 (D. Kan. 2011). While Genpact and the debt collector in <u>Carman</u> both called the debtors two to three times per day for a similar period of time, the debt collector in <u>Carmen</u> never called the debtor six times in one day. <u>See</u> <u>Carman</u>, 782 F.Supp. 2d 1223. A reasonable trier of fact could find that this fact alone, apart from the sheer volume of calls placed by Genpact, is sufficient to find that Genpact had the "intent to annoy, abuse or harass" Neu. 15 U.S.C. § 1692d(5).

Genpact also contends that the number of calls it placed was "simply a function of the fact that Genpact had two numbers potentially applicable to Plaintiff and that Plaintiff did not respond to any of Genpact's attempts to reach him." (MSJ, 15-16.) Thus, it appears that Genpact is suggesting that this Court should somehow discount the number of calls it made because it had two different contact numbers for Neu. However, a reasonable trier of fact could find that a debt collector intended to harass a debtor by continuously calling not one, but two different numbers belonging to the debtor.

For the reasons set forth above, and viewing the evidence in the light most favorable to Neu, Genpact's summary-judgment motion with respect to Plaintiff's § 1692d(5) claim is **DENIED**.

//
//
//
//
//

## IV. ROSENTHAL ACT

Genpact also requests summary judgment on Neu's Rosenthal Act claims under Cal. Civ. Code §§ 1788.17 and 1788.11(e). Section 1788.17 directs debt collectors to collect consumer debt in compliance with the FDCPA. Section 1788.11 states in pertinent part:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

Cal. Civ. Code § 1788.11

Genpact argues that if its summary-judgment motion is granted with respect to the FDCPA, this Court must grant its summary-judgment motion with respect to § 1788.17. (*MSJ*, 26.) Because this Court has denied Genpact's motion with respect to the FDCPA, the Court **DENIES** Genpact's summary-judgment motion with respect to Neu's §1788.17 claim.

Genpact also argues it is entitled to summary judgment with respect to Neu's § 1788.11(e) claim because Neu and Genpact never actually communicated by telephone or in person. (*MSJ*, 26.) Because § 1788.11(e) requires actual communication between the debt collector and the debtor and there is no evidence of such communication, the Court **GRANTS** Genpact's summary-judgment motion with respect to Neu's § 1788.11(e) claim. Cal. Civ. Code § 1788.11(e); Krapf, 2010 WL 2025323 at *4.

//
//
//
//
//

## V. CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Genpact's summary-judgment motion.

**IT IS SO ORDERED.**

DATED: April 24, 2013

HON. THOMAS J. WHELAN
United States District Judge
Southern District of California